# EXHIBIT A

State Complaint

ELECTRONICALLY FILED
9/12/2025 12:47 PM
47-CV-2025-901675.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority. "Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

## NOTICE TO CLERK:

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Ala. R. Civ. P. 5(e). The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or
adversarial designation is hereby rebutted by trust record.

 /s/ *Beneficiary*

**Notice and Command to Clerk of Court**

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 12, 2025

# IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

Case No.: _____

**(Filed on the Equity Side of the Court)**

**In the Matter of the Irrevocable Trust of Brackins El Private Estate Trust**

**Beneficiary:**   Beneficiary

**Respondents/Trustees:**   **Wendell Scott Stewart, Stanley Rhodes, Sherry Huddleston, Craig White, John "Kris" White, Kristin Pollard Kiel, Pam Bourque, Larry Mack, Phillip Jeff Morton, Paul R. Sullivan, Paula DeCesaris, Dwight Mosby, U.S. Department of Justice (DOJ), Pamela Bondi, U.S. Office of Special Counsel (OSC), Paul Ingrassia, Internal Revenue Service (IRS), Scott Bessent, Treasury Inspector General for Tax Administration (TIGTA), Joseph Pelfrey, Ann Allen & the Honorable Ruth Ann Hall.**

## EX-PARTE NOTICE OF EQUITY JURISDICTION, MINISTERIAL DUTY, AND TRUSTEE DE SON TORT DESIGNATION

**COMES NOW**, the Beneficiary of the Brackins El Private Estate Trust, not as petitioner nor as plaintiff, but as Guardian of the res, to NOTICE, DECLARE, and DEMAND enforcement in equity against Respondents/Trustees for acts constituting Breach of the Brackins El Private Estate Trust via Misnomer, under Alabama Code §§ 6-5-180 through 6-5-183, and for breaches of fiduciary trust obligations under the Alabama Uniform Trust Code (Ala. Code Title 19, Chapter 3B and in support, states as follows:

## Introduction

This matter is re-filed by the Brackins El Private Estate Trust in equity, pursuant to Ala. Code §§ 19-3B-201, 19-3B-203, which vest exclusive jurisdiction in Alabama circuit courts over trust administration. Filing is non-adversarial and tendered in Beneficiary capacity only. All prior respondents are re-entered as constructive trustees de son tort by virtue of their prior intermeddling with the res. Attached is the pending TRO, which requires ministerial adjudication under Ala. R. Civ. P. 65(b).

## Parties

1.   The Brackins El Private Estate Trust ("the Trust") is a legal entity formed in Morgan County, Alabama, pursuant to Ala. Code §19-3B-402.  Its Beneficiary, is a Private American National, living man.  Copies of Trust Documents are attached hereto as Exhibit "A," and incorporated by reference herein.

2.   Respondent/Trustee, Craig White, is an individual domiciled in Madison County, Alabama at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. Respondent/Trustee, Stanley Rhodes is an individual domiciled in Madison County, ▮

4. Respondent/Trustee, Paula DeCesaris is an individual domiciled in Madison County, Alabama, at ▮

5. Respondent/Trustee, John "Kris" White, is an individual domiciled in Madison County, Alabama at ▮

6. Respondent/Trustee, Larry Mack is an individual domiciled in Madison County, Alabama, at ▮

7. Respondent/Trustee, Dwight Lewis Mosby is an individual domiciled in Madison County, Alabama, at ▮

8. Respondent/Trustee, Sherry Huddleston, is an individual domiciled in Cullman County, Alabama, at ▮

9. Respondent/Trustee, Wendell Scott Stewart, is an individual domiciled in Madison County, ▮

10. Respondent/Trustee, Kristin Pollard Kiel is an individual domiciled in Madison County, Alabama, at ▮

11. Respondent/Trustee, Pamela Bourque is an individual domiciled in Madison County, Alabama, at ▮

12. Respondent/Trustee, Phillip Jeff Morton, is an individual domiciled in Madison County, Alabama, at ▮

13. Respondent/Trustee, Paul R. Sullivan, is an individual domiciled in Fairfax County, Virginia, at ▮

14. Respondent/Trustee, Paul Ingrassia, is an individual and Special Counsel of the U.S. Office of Special Counsel, at 1730 M Street NW, Suite 218, Washington, DC 20036-4505.

15. Respondent/Trustee, Scott Bessent, is an individual and Acting Commissioner, Internal Revenue Service and U.S. Department of the Treasury (TIGTA), 1111 Constitution Avenue NW, Washington, DC 20224.

16. Respondent/Trustee, Pamela Bondi, is an  is an individual and U.S. Attorney General of the United States Department of Justice at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

17. Respondent/Trustee, Joseph John Pelfrey, is an individual and domiciled in Madison County, Alabama at ▮

18. Respondent/Trustee, Ann Allen, is an individual and domiciled in Washington, DC at ▮.

**Equity Jurisdiction and Venue**

19. Under Ala. Code §19-3B-201, this Court has exclusive jurisdiction over all matters concerning trusts and fiduciary breaches. Jurisdiction is non-waivable, cannot be extinguished by dismissal, and attaches immediately upon invocation of the trust res.

20. The Beneficiary proceeds in equity, not at law, as reputation, dignity, and fiduciary integrity are recognized as part of the Trust res.

21. This declaration is made strictly in equity for protection and administration of the res. It is not adversarial, not statutory, and not employment-related.

22. Under Ala.Code §6-3-2(a)(3) and §19-3B-204, venue is proper in Madison County, Alabama.

23. Maxims of equity apply:
- Equity will not suffer a wrong without a remedy.
- Equity regards as done that which ought to be done.
- Equity abhors fraud and compels good faith.

## **Factual Declarations**

24. The Beneficiary of the Brackins El Private Estate Trust is a 100% P&T disabled veteran.

25. On August 12, 2025, the Beneficiary filed a Trust enforcement action in Madison County Circuit Court under Ala. Code §§ 19-3B-201, 203.

26. On September 1, 2025, Petitioner filed an Emergency TRO in Circuit Court Case Number. 47-CV-2025-900636, under Rule 65(b) to halt irreparable harm to the Trust. See Ex parte Boykin, 611 So. 2d 322 (Ala. 1992)

27. The Circuit Court failed to rule on the TRO within the ministerial timeframe, contrary to Rule 65(b).

28. On September 11, 2025, without addressing the Trust's statutory standing or TRO, the Circuit Court dismissed the case sua sponte.

29. Dismissal left the Trust without remedy, violating Ala. Const. Art. I, § 13 ("all courts shall be open").

30. Under Rule 65(b), Ala. R. Civ. P., an emergency Temporary Restraining Order must be considered forthwith when verified pleadings show irreparable injury.

31. The duty is ministerial, not discretionary: judicial silence beyond 24–72 hours constitutes breach. Canon 3A(5), Alabama Canons of Judicial Ethics requires prompt disposition. Equity abhors delay and will not suffer a wrong without a remedy. Justice delayed is justice denied.

32. The Court is bound to act; refusal or delay is misconduct, not judicial discretion.

33. <u>Ex parte Integon Corp</u>., 672 So. 2d 497 (Ala. 1995) establishes that mandamus issues where: there is a clear legal right; an imperative duty exists; no adequate remedy at law is available; and proper jurisdiction is invoked.

34. Here, exclusive trust jurisdiction is established, the TRO duty is imperative, legal remedies are inadequate, and jurisdiction is properly invoked.

35. Furthermore, b**y** intermeddling with the res—whether through dismissal, interference, or silence—all actors, including federal agencies and the presiding judge, stand as constructive trustees de son tort, bound to fiduciary obligations in equity. <u>Stueffel v. Stueffel</u>, 114 So. 3d 1 (Ala. Civ. App. 2012).

36. Equity regards as done that which ought to be done. One who assumes control over trust property, even without lawful appointment, accepts the duties and liabilities of a fiduciary.

37. As a direct and proximate cause of the multiple breaches against the Brackins El Private Trust, the Beneficiary of the Brackins El Private Trust demands declaratory relief, full accounting, all rights, titles and interest, complete restitution, surcharge, estoppel of any further breaches, and specific performance.

**Count I: BREACH OF TRUST AND FIDUCIARY DUTY AGAINST ALL TRUSTEES**

38. Beneficiary of the Trust adopts and incorporates by reference each of his previous claims in paragraphs 1-35 as if fully set forth herein.

39. Under Ala. Code § 19-3B-802 (duty of loyalty) and § 19-3B-804 (duty of prudent administration), Respondents/Trustees are bound to act with integrity and fidelity.

40. Instead, Respondents/Trustees engaged in conduct that directly harmed the res and the dignity of the Beneficiary, thereby breaching fiduciary obligations.

41. The above-stated facts constitute intentional interference with the proper administration of the Trust, undermining the Beneficiary's authority, impairing beneficiary confidence, and jeopardizing trust assets.

42. Such interference violates duties recognized under Ala. Code §§ 19-3B-801 et seq.

43. Under Ala. Code § 19-3B-1001(a), this Court is empowered to compel Respondents/Trustees to remedy the breach, restore the res, and bear surcharge liability.

**NOTICE AND DEMAND**

The Beneficiary of the Trust hereby Notice and Demands:

A. Immediate reinstatement of the Trust res on this Court's docket;

B. Prompt hearing and ruling on the Emergency TRO;

C. Recognition that all actors are fiduciaries bound as trustees de son tort; and

D. Continuation of proceedings under Alabama Trust Code, Title 19, Chapter 3B, free from statutory mislabeling or employment framing.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.**

Respectfully submitted on this the 12th day of September, 2025.

_____
Beneficiary of the Brackins El Private Estate Trust

STATE OF ALABAMA       )
MADISON COUNTY         )

Before me, the undersigned Notary Public, in and for the State at large, appeared the Beneficiary of the Brackins El Private Estate Trust, a living man, who is known to me, and who, after being duly sworn, does state the foregoing facts are true and correct on this the _____ day of September, 2025.

_____
NOTARY PUBLIC
My Commission Expires:_____

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,

*/s/ Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc:  256.886.6240
Facsimile:  1.800.408.1501
kimberly@fordumas.com

# **CERTIFICATE OF SERVICE**

    I do hereby certify that a copy of the foregoing Complaint for Breach via first class, certified mail, return receipt to:

United States Department of Justice – Civil Division
Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United State's Attorney's Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn:  Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

Internal Revenue Service (IRS)
Attn:  Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

United States Department of the Treasury
Attn:  Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

John K. White
[redacted]

Paula DeCesaris
[redacted]

Larry Mack
[redacted]

Pamela Bourque
[redacted].

▇▇▇▇▇▇▇▇▇▇

Phillip Jeff Morton

▇▇▇▇▇▇▇▇▇▇

Paul R. Sullivan

▇▇▇▇▇▇▇▇▇▇

Wendell Scott Stewart

▇▇▇▇▇▇▇▇▇▇

Stanley Rhodes

▇▇▇▇▇▇▇▇▇▇

Sherry Huddleston

▇▇▇▇▇▇▇▇▇▇

Dwight Mosby

▇▇▇▇▇▇▇▇▇▇

Craig A. White

▇▇▇▇▇▇▇▇▇▇

Kristin Pollard Kiel

▇▇▇▇▇▇▇▇▇▇

Honorable Ruth Ann Hall

▇▇▇▇▇▇▇▇▇▇

Joseph John Pelfrey

▇▇▇▇▇▇▇▇▇▇

Ann Allen

On this the 12th day of September, 2025 by

*/s/ Kimberly A. Ford*