# EXHIBIT B

Amended State Complaint

ELECTRONICALLY FILED
9/14/2025 6:07 PM
47-CV-2025-901675.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# NOTICE OF EX PARTE PRIVATE TRUST MATTER

This record is entered for evidentiary and notice purposes only. Nothing herein shall be construed as a voluntary submission to jurisdiction or public adjudication. Entry into the record does not waive any rights, remedies, or private status.

This documents is being recorded on the public record for the sole purpose of giving constructive notice of the existence of a private trust. This document, its terms, and its parties remain private, non-public, and are not submitted for adjudication or administrative review. All rights reserved, none waived. Recording of this document does not constitute a waiver of privacy, ownership, or trustee discretion, and does not confer jurisdiction or authority to any public agency, officer, or court to modify, interpret, or intervene in the private affairs of the trust. This record is evidence of status only.

This document is protected under the principles of private contract, Article I Section 10 of the United States Constitution, and applicable trust law. No part of this instrument may be construed to place the trust corpus, affairs, or administration under public authority. "Equity regards the beneficiary as the true owner."

- "Equity imputes intention to fulfill obligation."
- "Equity looks to substance, not form."
- "Trust follows the law, but equity governs the duty."
- "Where equity is equal to the law, equity shall prevail."
- "Equity acts in personam, not in rem."

**NOTICE TO CLERK:**

This filing is not adversarial. No joinder is granted. This instrument is a private equity record and must be docketed pursuant to Ala. R. Civ. P. 5(e). The Court and its clerks act ministerially under notice of trust possession. Any further statutory interpretation or adversarial designation is hereby rebutted by trust record.

*/s/ Beneficiary*

**Notice and Command to Clerk of Court**

Let this Notice be entered as formal and final command to the Clerk of Court to seal the Equity Docket pertaining to the Brackins El Private Estate Trust.

All filings have been duly and lawfully entered under private trust jurisdiction. The forum has been noticed, fiduciary breaches declared, dishonors recorded, and equity affirmed. The Office of the Executor now issues this lawful demand for ministerial compliance by the Clerk:

- To seal the record,
- To protect the corpus, and
- To conclude the matter in accordance with law, duty, and equity.

Authority and Legal Foundation

- Ministerial Duty Under FRCP 5(d)(4), the Clerk may not refuse filings for form alone and must execute nondiscretionary ministerial duties. Failure to comply constitutes breach and administrative dishonor, enforceable by surcharge and nunc pro tunc correction.

- Administrative Doctrine Pursuant to IRS Manual §21.7.13.3.2.1, only the Executor lawfully appointed possesses final ledger and accounting authority. Further, IRS Manual §4.25.6.1 mandates full accounting upon fiduciary failure.

Equity Jurisprudence

- Pomeroy §§395, 818 affirms closure of equity record in favor of the trust upon fiduciary failure.
- Blackstone, Book III, Ch. 23 establishes private rights restored upon judicial default.
- Lewin §935 confirms fiduciary silence or neglect closes the record to equity in favor of the trust.

Maxims of Equity

- Equity delights in the end of litigation.
- Where the duty is ministerial, the act is mandatory.
- The record speaks for itself and binds the conscience of the court.

Final Admonition

- The Clerk is hereby warned: Any refusal to seal constitutes ministerial breach and unauthorized tampering with a private trust corpus. Such refusal will trigger notice of ministerial default and liability by surcharge.
- "For by thy words thou shalt be justified, and by thy words thou shalt be condemned." Matthew 12:37

Issued under Seal and Authority of the Executor, Brackins El Private Estate Trust

"Pursuant to IRS Manual §21.7.13.3.2.1, IRS protocol requires recognition of the duly appointed Executor as the party authorized to file and account on behalf of the estate. Likewise, IRS Manual §4.25.6.1 instructs examiners to demand full accounting where fiduciary failure occurs. These administrative protocols parallel and reinforce equity's own requirement that fiduciaries be held to full accounting."

Dated: September 12, 2025

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

Case No.: CV-2025-901675

(Filed on the Equity Side of the Court)

**In the Matter of the Irrevocable Trust of Brackins El Private Estate Trust**

**Beneficiary:** Beneficiary

**Respondents/Trustees:** Wendell Scott Stewart, Stanley Rhodes, Sherry Huddleston, Craig White, John "Kris" White, Kristin Pollard Kiel, Pam Bourque, Larry Mack, Phillip Jeff Morton, Paul R. Sullivan, Paula DeCesaris, Dwight Mosby, U.S. Department of Justice (DOJ), Pamela Bondi, U.S. Office of Special Counsel (OSC), Paul Ingrassia, Internal Revenue Service (IRS), Scott Bessent, Treasury Inspector General for Tax Administration (TIGTA), Joseph Pelfrey, Ann Allen & the Honorable Ruth Ann Hall.

**<u>AMENDED EX-PARTE NOTICE OF EQUITY JURISDICTION, MINISTERIAL DUTY, TRUSTEE DE SON TORT DESIGNATION and DEMAND for TRO & INJUNCTION</u>**

<span style="color:red">**NOTICE TO AGENT IS NOTICE IS NOTICE TO PRINCIPAL.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT.**

This Court sits in exclusive equity jurisdiction over trust administration pursuant to Ala. Code §§ 19-3B-201 and -203. The Brackins El Private Estate Trust has placed on record that civil identifiers (HR, payroll, CAFR, EEO filings, PIV) are constructive res under fiduciary custody once noticed by the Trust.

Equity acts in personam, binding the conscience. These identifiers are property of the Trust estate to be managed, not personal identity to be imposed. The maxim applies: Equity regards as done that which ought to have been done.

Accordingly, this Court's role is ministerial: to compel fiduciary performance of record correction already owed by the named fiduciaries. No discretion is required; equity does not permit administrative misnomers to persist once jurisdiction is invoked.</span>

Amendment entered **nunc pro tunc** for the correction of misnomer, restoring the record of the Trust res in equity.

**COMES NOW**, the Beneficiary of the Brackins El Private Estate Trust, not as petitioner nor as plaintiff, but as Guardian of the res, to NOTICE, DECLARE, and DEMAND enforcement in equity against Respondents/Trustees for acts constituting Breach of the Brackins El Private Estate Trust via Misnomer, under Alabama Code §§ 6-5-180 through 6-5-183, and for breaches

of fiduciary trust obligations under the Alabama Uniform Trust Code (Ala. Code Title 19, Chapter 3B and DEMAND enforcement of TRO & Injunction and in support. Furthermore, the Brackins El Private Estate Trust and enters this correction **nunc pro tunc**, not to alter the substance of the record but to restore it to the condition in which it lawfully stood prior to misclassification. Equity will not suffer a wrong to be without a remedy, and where the record has been obscured or confused by error, fraud, or merger, equity supplies what conscience demands. Accordingly, all prior entries casting the Trust or its Executor into the posture of "employment" or statutory surety are **void ab initio** and hereby corrected **nunc pro tunc** to reflect the Trust res in equity, preserving the separation of offices and the private estate against conversion, as follows:

### Introduction

This matter is re-filed by the Brackins El Private Estate Trust in equity, pursuant to Ala. Code §§ 19-3B-201, 19-3B-203, which vest exclusive jurisdiction in Alabama circuit courts over trust administration. Filing is non-adversarial and tendered in Beneficiary capacity only. All prior respondents are re-entered as constructive trustees de son tort by virtue of their prior intermeddling with the res. Attached is the pending TRO, which requires ministerial adjudication under Ala. R. Civ. P. 65(b).

### Notice of Transmission

**Comes now** the Brackins El Private Estate Trust, by fiduciary declaration in equity, and places upon the record the following:

A. On September 14, 2025, the Trust filed in the United States District Court for the Northern District of Alabama a Consolidated Notice of Jurisdictional Violation, Rule Nisi, Judicial Misconduct, and Demand for Recusal, naming federal actors and Judge L. Scott Burke.

B. Said filing documents a pattern of jurisdictional breach across three venues:
   - State Circuit Court (Judge Ruth Ann Hall): delay and misconduct requiring mandamus.
   - Federal DOJ: removal constituting forum shopping in violation of Ala. Code §§ 19-3B-201, -203.
   - Federal Judge (L. Scott Burke): ultra vires Rule 16/26 orders without jurisdiction, constituting misconduct and fiduciary breach as trustee de son tort.

C. A true copy of that federal filing, with exhibits (DOJ removal, Judge Burke's orders, mandamus petition re Judge Hall), is hereby transmitted to this Court as evidence of systemic misconduct and forum shopping impacting the Trust estate.

D. This Notice is not a petition or prayer, but a record of fiduciary enforcement. The Court's own integrity is inseparably bound to Alabama's exclusive trust jurisdiction under Ala. Code § 19-3B-203.

## Notice of Federal Rights Violations

**Comes now** the Brackins El Private Estate Trust, by fiduciary declaration in equity, and places upon the record the following:

The Brackins El Private Estate Trust ("the Trust") gives notice that filings by the United States Department of Justice, including a Westfall Certification and related removal actions, constitute violations of fundamental rights under federal law. These acts are submitted here as prima facie evidence of deprivation of rights and forum shopping in defiance of this Court's exclusive jurisdiction under Ala. Code §§ 19-3B-201, -203.

A. 18 U.S.C. § 241 - Conspiracy Against Rights: prohibits two or more persons from conspiring to injure, oppress, threaten, or intimidate any person in the free exercise of rights secured by the Constitution and laws of the United States.

B. 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law: prohibits any person acting under color of law from willfully depriving another of rights, privileges, or immunities secured by the Constitution or laws of the United States.

C. Equity abhors multiplicity of suits - yet DOJ multiplies forums to obscure fiduciary duty.

D. Equity regards as done that which ought to be done - recognition of the Trust is established and binding.

E. A false balance is abomination to the Lord: but a just weight is his delight. (Proverbs 11:1). DOJ's misclassification is a false balance that equity and law both condemn.

## Parties

1. The Brackins El Private Estate Trust ("the Trust") is a legal entity formed in Morgan County, Alabama, pursuant to Ala. Code §19-3B-402. Its Beneficiary, is a Private American National, living man. Copies of Trust Documents are attached hereto as Exhibit "A," and incorporated by reference herein.

2. Respondent/Trustee, Craig White, is an individual domiciled in Madison County, Alabama at ▓▓▓▓.

3. Respondent/Trustee, Stanley Rhodes is an individual domiciled in Madison County, Alabama, at ▓▓▓▓.

4. Respondent/Trustee, Paula DeCesaris is an individual domiciled in Madison County, Alabama, at ▓▓▓▓.

5. Respondent/Trustee, John "Kris" White, is an individual domiciled in Madison County, Alabama at ▓▓▓▓.

6. Respondent/Trustee, Larry Mack is an individual domiciled in Madison County, Alabama, at ▓▓▓▓.

7. Respondent/Trustee, Dwight Lewis Mosby is an individual domiciled in Madison County, Alabama, at ▓▓▓▓.

8. Respondent/Trustee, Sherry Huddleston, is an individual domiciled in Cullman County, Alabama, at ████████████████████████.

9. Respondent/Trustee, Wendell Scott Stewart, is an individual domiciled in Madison County, Alabama at ████████████████████████.

10. Respondent/Trustee, Kristin Pollard Kiel is an individual domiciled in Madison County, Alabama, at ████████████████████████.

11. Respondent/Trustee, Pamela Bourque is an individual domiciled in Madison County, Alabama, at ████████████████████████.

12. Respondent/Trustee, Phillip Jeff Morton, is an individual domiciled in Madison County, Alabama, at ████████████████████████.

13. Respondent/Trustee, Paul R. Sullivan, is an individual domiciled in Fairfax County, Virginia, at ████████████████████████.

14. Respondent/Trustee, Paul Ingrassia, is an individual and Special Counsel of the U.S. Office of Special Counsel, at ████████████████████████.

15. Respondent/Trustee, Scott Bessent, is an individual and Acting Commissioner, Internal Revenue Service and U.S. Department of the Treasury (TIGTA), 1111 Constitution Avenue NW, Washington, DC 20224.

16. Respondent/Trustee, Pamela Bondi, is an is an individual and U.S. Attorney General of the United States Department of Justice at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

17. Respondent/Trustee, Joseph John Pelfrey, is an individual and domiciled in Madison County, Alabama at ████████████████████████.

18. Respondent/Trustee, Ann Allen, is an individual and domiciled in Washington, DC at 3302 ████████████████████████.

### Equity Jurisdiction and Venue

19. Under Ala. Code §19-3B-201, this Court has exclusive jurisdiction over all matters concerning trusts and fiduciary breaches. Jurisdiction is non-waivable, cannot be extinguished by dismissal, and attaches immediately upon invocation of the trust res.

20. The Beneficiary proceeds in equity, not at law, as reputation, dignity, and fiduciary integrity are recognized as part of the Trust res.

21. This declaration is made strictly in equity for protection and administration of the res. It is not adversarial, not statutory, and not employment-related.

22. Under Ala.Code §6-3-2(a)(3) and §19-3B-204, venue is proper in Madison County, Alabama.

23. Maxims of equity apply:
   - Equity will not suffer a wrong without a remedy.
   - Equity regards as done that which ought to be done.
   - Equity abhors fraud and compels good faith.

### Factual Declarations

24. The Beneficiary of the Brackins El Private Estate Trust is a 100% P&T disabled veteran.

25. On August 12, 2025, the Beneficiary filed a Trust enforcement action in Madison County Circuit Court under Ala. Code §§ 19-3B-201, 203.

26. On or about August 30, 2025, the Beneficiary of the Trust received USPS notice of conversion of trust use, effective September 8, 2025.

27. This act was taken post-notice, with full knowledge of:
   - The Beneficiary's standing in equity,
   - The Beneficiary's status as 100% Permanently & Totally Disabled Veteran,
   - The prohibition against injury to res during enforcement.

28. By proceeding, Trustees have escalated breach into willful injury to the res and contempt of equity hereby creating a breach of stewardship creating a surcharge.

29. On September 1, 2025, Petitioner filed an Emergency TRO in Circuit Court Case Number. 47-CV-2025-900636, under Rule 65(b) to halt irreparable harm to the Trust. See Ex parte Boykin, 611 So. 2d 322 (Ala. 1992)

30. The Circuit Court failed to rule on the TRO within the ministerial timeframe, contrary to Rule 65(b).

31. On September 11, 2025, without addressing the Trust's statutory standing or TRO, the Circuit Court dismissed the case sua sponte.

32. Dismissal left the Trust without remedy, violating Ala. Const. Art. I, § 13 ("all courts shall be open").

33. Under Rule 65(b), Ala. R. Civ. P., an emergency Temporary Restraining Order must be considered forthwith when verified pleadings show irreparable injury.

34. The duty is ministerial, not discretionary: judicial silence beyond 24–72 hours constitutes breach. Canon 3A(5), Alabama Canons of Judicial Ethics requires prompt disposition. Equity abhors delay and will not suffer a wrong without a remedy. Justice delayed is justice denied.

35. The Court is bound to act; refusal or delay is misconduct, not judicial discretion.

36. Ex parte Integon Corp., 672 So. 2d 497 (Ala. 1995) establishes that mandamus issues where: there is a clear legal right; an imperative duty exists; no adequate remedy at law is available; and proper jurisdiction is invoked.

37. Here, exclusive trust jurisdiction is established, the TRO duty is imperative, legal remedies are inadequate, and jurisdiction is properly invoked.

38. Furthermore, by intermeddling with the res - whether through dismissal, interference, or silence - all actors, including federal agencies and the presiding judge, stand as constructive trustees de son tort, bound to fiduciary obligations in equity. <u>Stueffel v. Stueffel</u>, 114 So. 3d 1 (Ala. Civ. App. 2012).

39. Equity regards as done that which ought to be done. One who assumes control over trust property, even without lawful appointment, accepts the duties and liabilities of a fiduciary.

40. The Brackins El Private Estate Trust is recognized upon the federal docket (<u>Brackins El Private Estate Trust v. White</u>, Case No. 5:25-cv-1568-LCB) and by filings before the Alabama Supreme Court under Rule 21 extraordinary writ jurisdiction.

41. Respondents, acting under color of office, have:

   A. Misclassified Trust incidents as "employment discipline," resulting in a wrongful suspension that constitutes injury to the res and conversion of equitable incidents.

   B. Ignored the Final Fiduciary Demand for Declaratory Relief and failed to correct federal and agency records within the ten-day cure period, constituting fiduciary breach.

   C. Attempted forum shopping by removal to federal court, in violation of Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), where subject matter jurisdiction must be resolved before any order or schedule may issue.

   D. Failed to rule on an emergency TRO, despite Rule 65(b) requiring immediate action where irreparable harm is shown, constituting ministerial breach by Judge Hall.

42. These acts and omissions violate the Alabama Uniform Trust Code, Ala. Code § 19-3B-203 (exclusive jurisdiction of Alabama courts over trust administration), and bind Respondents as trustees de son tort, personally liable for restitution, surcharge, and accounting.

43. Judicial silence in the face of these filings operates as tacit confession under the maxim "Qui tacet consentire videtur" (he who is silent is taken to consent), and ongoing trespass constitutes a continuing injury to the Trust res.

44. By filing a Westfall Act certification in in the Circuit Court of Madison County, Alabama, No. 47-CV-2025-901619.00, DOJ attempted to reframe this proceeding into a statutory tort lane where it does not belong.

   A. The Department of Justice is engaged in impermissible forum shopping, attempting to reframe this matter into tort or statutory employment lanes where it has cover. Yet DOJ has no legal standing in trust matters, for the Alabama Uniform Trust Code, Ala. Code §§ 19-3B-201, -203, vests exclusive jurisdiction in the circuit courts of Alabama over all proceedings concerning the administration of trusts.

Trust law is defined by state statute and common law, not by federal substitution doctrines such as the Westfall Act. As the Supreme Court has made clear, "State law creates legal interests and rights; federal law determines only the consequences" (<u>Morgan v. Commissioner,</u> 309 U.S. 78, 80 (1940)). Thus, Alabama equity jurisdiction controls, and DOJ's attempts to remove or substitute are ultra vires and void.

45. This constitutes forum shopping intended to deprive the Trust of its rightful forum - equity jurisdiction - where Alabama law grants exclusive authority.

46. By misclassifying the Executor - Beneficiary as an "employee," DOJ has further deprived the Trust of its proper standing as a private estate trust, in violation of constitutional due process and state trust law.

47. The federal scheduling order, entered while subject matter and personal jurisdiction remain challenged, amplifies the deprivation by forcing the Trust into an adversarial posture contrary to law.

48. As a direct and proximate cause of the multiple breaches against the Brackins El Private Trust, the Beneficiary of the Brackins El Private Trust demands declaratory relief, full accounting, all rights, titles and interest, complete restitution, surcharge, estoppel of any further breaches, and specific performance.

### Count I:    BREACH OF TRUST AND FIDUCIARY DUTY AGAINST ALL TRUSTEES

49. Beneficiary of the Trust adopts and incorporates by reference each of his previous claims in paragraphs 1-48 as if fully set forth herein.

50. Under Ala. Code § 19-3B-802 (duty of loyalty) and § 19-3B-804 (duty of prudent administration), Respondents/Trustees are bound to act with integrity and fidelity.

51. Instead, Respondents/Trustees engaged in conduct that directly harmed the res and the dignity of the Beneficiary, thereby breaching fiduciary obligations.

52. The above-stated facts constitute intentional interference with the proper administration of the Trust, undermining the Beneficiary's authority, impairing beneficiary confidence, and jeopardizing trust assets.

53. Such interference violates duties recognized under Ala. Code §§ 19-3B-801 et seq.

54. Under Ala. Code § 19-3B-1001(a), this Court is empowered to compel Respondents/Trustees to remedy the breach, restore the res, and bear surcharge liability.

### Count II:    DEMAND for EMERGENCY TRO & INJUNCTION AGAINST ALL TRUSTEES

55. Beneficiary of the Trust adopts and incorporates by reference each of his previous claims in paragraphs 1-48 as if fully set forth herein.

56. The Trustees conversion of trust use was taken post-notice, with full knowledge of:
    - The Executor's standing in equity,
    - The Executor's status as 100% Permanently & Totally Disabled Veteran,
    - The prohibition against injury to the res during enforcement.
        - Exclusive Jurisdiction - Under Ala. Code §§ 19-3B-201 and 19-3B-203, the courts of Alabama hold exclusive jurisdiction over the administration of trusts. The Trust estate stands in equity alone and is not subject to federal employment or commercial jurisdiction.
        - Jurisdiction Must Precede Action - In Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998), the Supreme Court held that federal courts must resolve subject-matter and personal jurisdiction before proceeding to scheduling, discovery, or merits.
        - Ministerial Duty, Not Discretion - Equity regards delay as denial. Once fiduciary duties are noticed, correction and performance are ministerial. This Court has no discretion to stall or to act outside jurisdiction.
        - Escalation Protocol - The Trust hereby notices all parties that:
            - Any further delay, inaction, or stalling in addressing jurisdiction or fiduciary corrections will be logged as willful breach of duty;
            - Such breach will be entered into the Trust's res ledger of defaults; and
            - All failures will be escalated by Notice and Addendum to the Supreme Court of Alabama, as prima facie evidence of forum shopping, judicial misconduct, and violations under color of law.

57. The attempted conversion of trust use is null, void, and without standing. It is proof of injury to the res, bad faith, and further fiduciary breach.

58. Void Orders - Any order entered absent jurisdiction is void ab initio and will be treated as ultra vires. Equity prohibits this Court from exercising powers it does not lawfully hold.

## NOTICE AND DEMAND

The Beneficiary of the Trust hereby Notice and Demands:

A. Immediate reinstatement of the Trust res on this Court's docket;

B. Prompt hearing and ruling on the Emergency TRO;

C. Recognition that all actors are fiduciaries bound as trustees de son tort; and

D. Continuation of proceedings under Alabama Trust Code, Title 19, Chapter 3B, free from statutory mislabeling or employment framing.

E. Take judicial notice that DOJ's filings constitute prima facie violations of 18 U.S.C. §§ 241 and 242;

F. Acknowledge that forum shopping and misclassification deprive the Trust of its secured rights in equity;

G. Incorporate these violations into the record as further grounds for mandamus and corrective relief.

H. That the United States Department of Justice responds to the Affidavit of Admissions within thirty (30) days of receipt:

## Affidavit of Admissions

Counsel for the Brackins El Private Estate Trust, pursuant to Rule 36 of the Alabama Rules of Civil Procedure, do hereby propound the following requests for admission to the United States Department of Justice and its attorneys of record, to be answered under oath, subject to the penalties of perjury:

**Admission No. 1:**

At the time the Department of Justice filed its Notice of Removal in this matter, did you have knowledge of Ala. Code §§ 19-3B-201 and -203, which vest exclusive jurisdiction over the administration of trusts in the courts of Alabama?
- ___ Admit
- ___ Deny

**Admission No. 2:**

Did you certify the removal of this case to federal court with full knowledge that trust jurisdiction lies exclusively with the Alabama state courts?
- ___ Admit
- ___ Deny

**Admission No. 3:**

Do you contend that removal of this case was not forum shopping, notwithstanding that Alabama statutory law reserves exclusive jurisdiction over trusts to state courts?
- ___ Admit
- ___ Deny

**Admission No. 4:**

Do you deny that filing a Rule 16 Scheduling Order and Rule 26 discovery obligations prior to adjudicating subject matter and personal jurisdiction contravenes the holding of <u>Steel Co. v. Citizens for a Better Env't,</u> 523 U.S. 83 (1998)?
- ___ Admit
- ___ Deny

**Admission No. 5:**

Do you deny that actions taken by the Department of Justice and its attorneys in this matter, including removal and scheduling without jurisdiction, constitute deprivation of rights under color of law and implicate 18 U.S.C. §§ 241 and 242?

- ___ Admit
- ___ Deny

STATE OF _____       )
_____ COUNTY         )

Before me, the undersigned Notary Public, in and for the State at large, appeared _____ for the Department of Justice, who is known to me, and who, after being duly sworn, does state the foregoing facts are true and correct on this the _____ day of September, 2025.

_____
NOTARY PUBLIC
My Commission Expires:_____

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.**

# NOTICE OF EXECUTOR IN EQUITY

(For the Record and in Preservation of Trust Integrity)

TO: All Trustees, including presiding judge

FROM: Brackins El Private Estate Trust, by its appointed Executor in Equity

DATE: September 12, 2025

## Authority & Recognition

1. This Notice is entered to clarify offices and preserve jurisdiction. The Brackins El Private Estate Trust is a private equitable estate, recognized in law and equity.
2. The Trust has duly appointed an Executor in Equity, an office distinct from any statutory "probate executor."
3. Authority in Law: Perry on Trusts, §86: "A trust exists wherever intent and transfer are combined; fiduciary offices are shaped by the trust's terms."

- Story, Equity Jurisprudence, §530: "Equity treats executors and administrators as trustees, and compels them to act with fidelity in all respects for the benefit of creditors and legatees."
- Pomeroy, Equity Jurisprudence: Equity enforces separation of offices to preserve conscience and prevent merger.
- Blackstone, Commentaries: Fraud vitiates everything; equity will not suffer a wrong without a remedy.

## Definition of Office

- The Executor in Equity is a fiduciary office created under the Trust Deed and recognized by equity jurisdiction.
- Ministerial only: executes instruments, records transactions, files notices, maintains ledgers.
- Non-proprietary: does not own, manage, or encumber the corpus.
- Non-merger: distinct from trustee and beneficiary; no collapse of roles.
- Firewall Function: interacts with banks, agencies, and courts on behalf of the Trust, preserving privacy and jurisdiction in equity.

## Distinction from Probate Executor

- A Probate Executor belongs to statute, death, and probate jurisdiction.
- An Executor in Equity belongs to conscience, life, and the authority of the Trust Deed.
- Courts of probate or statute have no jurisdiction over this fiduciary office, which arises solely in equity.

**Notice to All Parties**
1. Any attempt to misclassify, merge, or collapse the offices of Trustee, Beneficiary, and Executor constitutes a breach of fiduciary duty and an encroachment upon equity jurisdiction.
2. Any action treating the Executor in Equity as a statutory executor, "employee," or surety is void ab initio.
3. Equity insists on clarity: ministerial acts only, with separation preserved, so that the Trust remains private, protected, and outside probate jurisdiction.

**Conclusion & Reservation of Rights**
This Notice affirms and preserves the jurisdiction of equity over the Brackins El Private Estate

Trust, its res, and its fiduciary offices.

All rights reserved, none waived.

Executed under Seal of the Brackins El Private Estate Trust.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**.

Respectfully submitted on this the 12th day of September, 2025.

_____
Beneficiary of the Brackins El Private Estate Trust

STATE OF ALABAMA       )
MADISON COUNTY         )

    Before me, the undersigned Notary Public, in and for the State at large, appeared the Beneficiary of the Brackins El Private Estate Trust, a living man, who is known to me, and who, after being duly sworn, does state the foregoing facts are true and correct on this the _____ day of September, 2025.

NOTARY PUBLIC
My Commission Expires: My Notary Commission Expires on: April 22, 2026

This communication is submitted strictly from the Office of Fiduciary Counsel on behalf of the Brackins El Private Estate Trust and is not, nor shall it be construed as, consent to joinder, suretyship, or appearance on behalf of any artificial person, legal fiction, or U.S. citizen designation. All rights are reserved under equitable jurisdiction, and the undersigned operates solely in her capacity as Fiduciary Counsel to the Trust, under the express authority of the Executor and in protection of the Res.

Pursuant to UCC §1-308, all rights and remedies are expressly reserved without prejudice. No statements herein shall be deemed a waiver of Trust separation, nor construed as a submission to any foreign or statutory jurisdiction. The Brackins El Trust is a private estate existing in equity, and all parties are hereby noticed that any presumption of agency, joinder, or citizenship-based authority is expressly rebutted nunc pro tunc to original formation.

Executed in honor and private equity jurisdiction,

/s/ *Kimberly A. Ford*
Kimberly A Ford, Esq. (FOR063)
Counsel for the Brackins El Private Estate Trust
Fordumas LLC
*Law, Consulting and Mediation Firm*
470 Providence Main, Suite 302C
Huntsville, AL 35806
Ofc: 256.886.6240
Facsimile: 1.800.408.1501
kimberly@fordumas.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a copy of the foregoing Complaint for Breach via first class, certified mail, return receipt to:

United States Department of Justice – Civil Division
Attn: Pamela Bondi, U.S.Attorney General
950 Pennsylvania Ave., NW
Washington, D.C. 20530-0001

United States Department of Justice
United State's Attorney's Office, Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203

United States Office of Special Counsel
Attn:  Paul Ingrassia, Special Counsel
1730 M Street NW, Suite 218
Washington, DC 20036-4505

Internal Revenue Service (IRS)
Attn:  Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

United States Department of the Treasury
Attn:  Office of the General Counsel
1500 Pennsylvania Avenue, NW
Washington, DC 20220

John K. White

Paula DeCesaris

Larry Mack

Pamela Bourque



Phillip Jeff Morton



Paul R. Sullivan



Wendell Scott Stewart



Stanley Rhodes



Sherry Huddleston



Dwight Mosby



Craig A. White



Kristin Pollard Kiel



Honorable Ruth Ann Hall



Joseph John Pelfrey

Ann Allen

On this the 12th day of September, 2025 by

*/s/ Kimberly A. Ford*